■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY M. GENSICKI, Appellant. — Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered January 11, 1983, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the first degree. An agreement was reached between the prosecution and defense whereby defendant, who had been charged with stealing a 1981 Subaru motor vehicle, would be permitted to plead guilty to the lesser offense of attempt of criminal possession of stolen property in the first degree, a class E felony. However, during the plea allocution, defendant refused to plead as agreed because he "didn't attempt to do it [he] did it". Defendant then conferred with his counsel after which the trial court accepted his plea to the more serious crime with which he was initially charged, a class D felony. The originally agreed-upon sentence was imposed. By this appeal, defendant now seeks to have his plea vacated, an opportunity to withdraw his plea or to be allowed to plea to the charge that was plea-bargained. Defendant first contends that the public defender's office, which he earlier lauded as having done a "bang-up job" for him, furnished ineffective representation. We disagree. Although no pretrial motions were made, there is no showing that any were appropriate. Moreover, a preliminary hearing was held at which the evidence clearly indicated guilt. Defense counsel quite properly devoted his energy to securing the most favorable plea bargain available. Despite defendant's extensive criminal record and obvious guilt, his counsel was able to effectively negotiate a favorable plea bargain and to secure a sentence of 60 days of county jail time and 4 years, 10 months' probation on a charge for which defendant could have been sentenced to seven years (*People v Baldi,* 54 NY2d 137, 147). Inasmuch as the District Attorney, on oral argument, indicated that the People have no objection to being required to adhere to the bargain which had been struck and that plea bargains are to be respected (*People v Selikoff,* 35 NY2d 227, 239, cert den 419 US 1122), the alternative relief sought by defendant is granted to the extent only that the record shall reflect a plea of guilty by defendant to the crime of attempted criminal possession of stolen property in the first degree, a class E felony. Judgment modified, on the law and the facts, to the extent that the record herein shall reflect that defendant pleaded guilty to the crime of attempted criminal possession of stolen property in the first degree, and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.