### THIRD DEPARTMENT, MAY, 1985

#### (May 2, 1985)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HEYWARD, Appellant. — Main, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered September 17, 1982, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant and Victor Aponte were indicted for two counts of murder in the second degree and two counts of robbery in the first degree in connection with the November 14, 1981 stabbing death of Bennie De Rosa in Ulster County. Pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of murder in the second degree (felony murder) in full satisfaction of the indictment. Defendant then sought to withdraw his guilty plea, claiming that he had been denied effective assistance of counsel, that he was innocent, and that his plea allocution did not establish sufficient facts to support the guilty plea. After a hearing, defendant's motion was denied and he was sentenced, in accordance with the plea agreement, to 17 years to life in prison. This appeal followed.

Our review of the record leads us to conclude that County Court did not err in denying defendant's motion to withdraw his guilty plea. The allocution at the time of the guilty plea established sufficient facts to support the plea and does not, contrary

to defendant's claim, demonstrate the affirmative defense to felony murder delineated in Penal Law § 125.25 (3). Defendant testified that after he and Aponte hired De Rosa and his cab, they drove to an isolated location, where defendant grabbed De Rosa around the back and by the mouth while Aponte drew a knife and was going to stab De Rosa, who was grabbing for the car door handle. Defendant further testified that he pushed De Rosa's arm away from the door handle but De Rosa, nonetheless, was able to escape from the car and began running until Aponte caught and stabbed him. Even if defendant saw the knife for the first time while struggling with De Rosa, the fact remains that defendant prevented De Rosa from leaving the car at a time when Aponte had produced the knife. Such fact refutes defendant's claim that he did not in any way aid in the commission of the homicide (Penal Law § 125.25 [3] [a]) and that he, thus, has a defense to the felony murder charge to which he pleaded guilty.

The record further reveals that defendant's plea was made knowingly, voluntarily and intelligently. An extensive colloquy occurred and defendant demonstrated no reluctance to plead guilty (*see, e.g., People v Harris,* 61 NY2d 9, 16-17). Defendant's claim that he pleaded guilty because of threats from Aponte warning defendant not to testify against Aponte is belied by the fact that the prosecution made it clear, long before the alleged threat or the plea, that defendant's testimony against Aponte was not desired.

We also conclude that defendant's presence and observation of the knife during the commission of the crime obviated any requirement or need for the prosecution to disclose the dimensions of the knife (*see, People v Wiese,* 97 AD2d 903, 904). Of course, the prosecution is not required to disclose weaknesses in its case (*see, People v Jones,* 44 NY2d 76, 81, *cert denied* 439 US 846). Moreover, the record discloses that the knife was available to defense counsel.

The failure of defense counsel to take advantage of this opportunity and observe the knife is not sufficient reason to conclude that defendant was denied his right to effective assistance of counsel. Defense counsel made pretrial motions and an investigator spoke with defendant. Contrary to defendant's assertion, the record reveals that defense counsel discussed the case with defendant on several occasions. Most significantly, defense counsel spent a considerable amount of time negotiating defendant's favorable plea agreement (*see, People v Gensicki,* 99 AD2d 566; *People v Kelsch,* 96 AD2d 677, 678). Under these circumstances, it is evident that defendant was provided meaningful representation (*People v Baldi,* 54 NY2d 137, 147; *see,*

*People v Morris,* 64 NY2d 803). Accordingly, we are of the view that County Court properly denied defendant's motion to withdraw his guilty plea.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.