(July 11, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. COOK, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Ellison, J.), rendered July 2, 1980, convicting defendant upon his plea of guilty of the crimes of forgery in the second degree, burglary in the third degree and bail jumping in the first degree.

Defendant was employed as a maintenance man at an apartment building in New York City. In delivering the mail in the building, he retained possession of an envelope addressed to a friend which contained a social services check. He forged the indorsement and cashed the check. The police investigating the cashing of the check were delayed in their questioning of defendant as he was hospitalized due to an automobile accident. After his release from the hospital, defendant voluntarily went to the police station for questioning. He made a statement there that he had cashed the check and was arrested.

Following a *Huntley* hearing (15 NY2d 72), County Court denied his motion to suppress his statement. Defendant thereafter absconded. He was apprehended and charged with the added crime of bail jumping. As a result of plea negotiations, defendant pleaded guilty to forgery in the second degree, burglary in the third degree and bail jumping in the first degree. Later, he contended he was coerced and was allowed to withdraw his plea. At a subsequent date, defendant reentered his guilty plea pursuant to the original agreement.

After a predicate felony hearing, defendant was found to be a predicate felon. County Court sentenced defendant to 2 1/2 to 5 years' imprisonment on both the burglary and the forgery

charges, and 2 to 4 years' imprisonment for the bail jumping; all sentences are to run concurrently. Defendant appeals.

There should be an affirmance. Defendant's contention that he was denied his right to counsel because, at the time he was interviewed at the police station, he was represented by counsel on an unrelated charge and counsel was not present for his statement, has not been preserved for appellate review. During the *Huntley* hearing, defendant failed to argue or request County Court to rule upon this issue. By not pursuing the issue, defendant failed to preserve it for our review as a matter of law (*People v Roache,* 105 AD2d 811, 812; *see, People v Martin,* 50 NY2d 1029). And, we decline to exercise our discretion to review this issue in the interest of justice (CPL 470.15).

Defendant next argues that County Court committed error in failing to furnish him an opportunity to withdraw his plea after he contended that the plea bargain had not been honored. This argument has likewise not been preserved for our review by a motion to vacate or otherwise in County Court (*People v Johnson,* 107 AD2d 947; *People v Hurlburt,* 97 AD2d 618). However, on the merits, it appears that the plea bargain had been adhered to and there was no compelling reason to allow defendant to withdraw his plea (*see, People v Gensicki,* 99 AD2d 566). The charges in the local court were ultimately dismissed in compliance with the plea agreement.

We have reviewed defendant's other contentions of error and find them without merit.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.