THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWSON J. IPPOLITI, Appellant.—Kane, J. Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered November 20, 1985, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was arrested on April 5, 1985 by David Goodier, a Deputy in the Fulton County Sheriff's Department, for petit larceny, upon the complaint of Nichol's Department Store in the City of Johnstown. Defendant told the arresting officer that his name was Eric Williams; he was issued an appearance ticket and released. A few days later, another Deputy found a wallet in the back of the patrol car used to transport defendant containing identification for a Lawson J. Ippoliti. Further inquiry determined that defendant was under the age of 18 years. Accordingly, his mother was contacted and asked to bring defendant to the Sheriff's office for questioning. On April 23, 1985, defendant arrived at the Sheriff's office with his mother and, after receiving and waiving his *Miranda* rights, was questioned by Goodier regarding the false name and address given at the time of his original arrest. After a

brief conversation, he was arrested by Goodier for obstructing governmental administration.

Shortly thereafter, Sergeant Richard Plumadore from the same Sheriff's office suggested to Goodier that defendant be questioned about two unresolved burglaries which occurred in the Town of Johnstown on April 16, 1985; Plumadore felt that defendant resembled the description and composite of the perpetrator of the burglaries, one of which was at knife point, *Miranda* warnings were given to defendant by Plumadore and defendant again waived his right to counsel and admitted his part in the burglaries. His admissions were then reduced to writing, in which he implicated Ira Blowers. Plumadore then proceeded to leave the Sheriff's office to apprehend Blowers when he came upon Investigator Cleveland Spraker of the Gloversville Police Department, who was at the Sheriff's office on unrelated business. Spraker did not see or know of defendant's presence at the Sheriff's office. Upon discovering that Plumadore was in search of Blowers, however, Spraker volunteered to help locate him since he knew of Blowers' likely whereabouts in the City of Gloversville. At this time, Spraker knew that there was a pending burglary charge against defendant in Gloversville City Court wherein defendant was represented by counsel. However, it is clear that Spraker did not know at this time that defendant was implicated with Blowers in the two unresolved Johnstown burglaries, nor did anyone at the Sheriff's office know of the pending charge in the City of Gloversville against defendant until *after* the completion of his written statement concerning, and subsequent arrest on, the two burglaries in Johnstown.

Thereafter, defendant was indicted on these charges and preliminary proceedings ensued, including a *Huntley* hearing on October 5, 1985. Defendant was represented by the Public Defender during these proceedings. On October 17, 1985, defendant entered a plea of guilty to one count in the indictment in satisfaction of all charges against him, pursuant to a plea bargain agreement which included withdrawal of defendant's then-undecided motion to suppress his statements admitting his part in the criminal activity. After extensive inquiry by County Court, and after further discussion of the arranged plea bargain with his mother and his attorney, the plea was accepted and defendant was sentenced on November 20, 1985 to an indeterminate term of imprisonment of 2 to 6 years. This appeal ensued, wherein defendant contends that (1) his statements should have been suppressed as a matter of law, and (2) he should be permitted to withdraw his plea and

stand trial because his rights were prejudiced by the acceptance of his guilty plea prior to the decision on the *Huntley* hearing.

First, by his plea of guilty pursuant to a plea agreement which included as a part thereof the withdrawal of the undecided motion to suppress his written statement, defendant forfeited any right of appellate review of the consequences of his plea and any nonjurisdictional defects in the proceeding *(see, People v Fernandez,* 67 NY2d 686; *People v Lucas,* 106 AD2d 821).

Secondly, we reject defendant's contention that, even after receiving *Miranda* warnings, his waiver of the right to counsel on the burglary charges could only be made in the presence of counsel subsequent to his arrest, without a warrant for obstructing governmental administration *(see, People v Samuels,* 49 NY2d 218). Initially, it should be noted that the initial charge arose out of a false identification given by defendant to the police and inquiry regarding totally unrelated charges does not require that any waiver of the right to counsel be made in the presence of counsel *(see, People v Kazmarick,* 52 NY2d 322), particularly since no accusatory instrument had been filed on the charge of obstructing governmental administration, and, thus, the criminal action had not been commenced *(see, People v Samuels, supra).* Nor do we find defendant's rights impaired or prejudiced in that he was then represented by counsel on a prior pending burglary charge in Gloversville City Court; there is no showing that at the critical times, either the Gloversville police or the Sheriff's Deputies had actual knowledge of these respective charges against defendant. Moreover, since there is no evidence of a "joint investigation" by the two police agencies, knowledge on the part of one agency cannot be imputed to the other *(see, People v Fuschino,* 59 NY2d 91, 99). Furthermore, under similar circumstances, we have held that the right to raise this issue has not been preserved for appellate review *(People v Cook,* 112 AD2d 522).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.