■ THE PEOPLE OF THE STATE OF NEW YORK, Respondents, v. JOSEPH PATRICK HEMMERICH, Appellant.— Appeal by defendant from an order of the County Court of Ulster County which denied defendant's motion for a writ of error *coram nobis* without a hearing. Defendant was indicted for grand larceny in the first degree. Upon arraignment he entered a plea of not guilty and competent counsel was assigned to him. He was represented by counsel actually present at all subsequent proceedings. Subsequently the defendant withdrew his not guilty plea and entered a plea of guilty. When he appeared for sentence on July 10, 1946, the District Attorney filed an information accusing the defendant as a second felony offender. The defendant and his attorney admitted the previous conviction and defendant was thereupon sentenced as a second offender to an indeterminate term of from two and one-half to five years. This was admittedly an erroneous sentence, because section 1941 of the Penal Law then required a minimum sentence of five years for such a second offense. After serving a part of the sentence, defendant was returned from Clinton Prison for resentencing, pursuant to section 1943 of the Penal Law, and on November 27, 1946, was resentenced to serve from 5 to 10 years with credit for all time served, which was the correct minimum sentence and was mandatory. Defendant alleges that his conviction and sentence are in violation of his constitutional rights because they were based on trickery, deceit, coercion, fraud and misrepresentation, in that he was told before he changed his plea that his sentence would be from two and one-half to five years. He alleges that the court and District Attorney knew that he was a second offender and that a minimum of five years was mandatory. It is clear that the defendant was told that his sentence would be two and one-half to five years. It is quite apparent that the court, the District Attorney and defense counsel all made an honest mistake in imposing the erroneous sentence of two and one-half to five years. However, when defendant appeared for resentence, with counsel, he was fully advised of his rights, was given the opportunity to withdraw his previous plea of guilty and stand trial, and was advised that the correct minimum sentence which must be imposed was from 5 to 10 years. This is not disputed by defendant. He thereupon elected to let his plea of guilty stand, with full knowledge of what the new sentence would be. The court had inherent power, even after defendant had commenced serving his sentence, to vacate that sentence for fraud or mistake and to allow defendant to withdraw his plea of guilty and enter a plea of not guilty. (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19.) Thus at the time of his resentence it appears, without dispute, that defendant was offered all the relief he now seeks or to which he would be entitled. He claims no fraud at the time of resentencing. There is no factual dispute which required a hearing, and it appears upon the face of

954

the records that defendant is not entitled to the relief sought. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.