# (October 20, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA LEONARD HURLBURT, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered January 28, 1982, convicting defendant upon her plea of guilty of the crimes of forgery in the first degree and bail

jumping in the first degree. In December of 1978, defendant was indicted for forgery in the first degree and attempted grand larceny in the second degree based upon a charge that she altered the amount payable on a United States treasury check. Defendant fled the jurisdiction but was eventually located, returned and arraigned in June of 1979. She pleaded not guilty and, after having been released on bail, failed to appear for further court appearances. About one year later, defendant was again located, returned, and arraigned on an additional indictment charging her with bail jumping in the first degree. Pursuant to a plea bargain, defendant pleaded guilty on September 19, 1980 to first degree forgery and first degree bail jumping in satisfaction of all pending charges. As part of the plea bargain, the prosecution agreed to recommend a sentence of two consecutive 60-day jail terms and a five-year period of probation. Since, after crediting defendant with time served, the proposed sentence less good time was about to run, County Court granted defendant's unopposed motion for release pending sentencing. On October 24, 1980, the scheduled sentencing date, defendant failed to appear. Subsequently, defendant wrote to the District Attorney from parts unknown advising him that she would not appear for sentencing. The prosecutor stated that he no longer felt bound by the plea bargain and the trial court sentenced defendant *in absentia* to two consecutive indeterminate terms of imprisonment with maximums of 10 and 4 years. Defendant was again located, returned and advised of the sentence. Since the court failed to fix a proper minimum term (Penal Law, § 70.00, subd 3), defendant was resentenced to indeterminate terms of 1 to 10 years and 1 to 4 years to be served consecutively. Defendant appeals from such judgment of conviction. Initially, defendant argues that the facts as admitted by her do not constitute the crime of forgery in the first degree. Her contention is that a United States Government check is not a "valuable instrument" within the meaning of subdivision 1 of section 170.15 of the Penal Law but is a "commercial instrument" within the meaning of subdivision 1 of section 170.10 of the Penal Law, which defines second degree forgery. Since defendant failed to raise this issue by motion to vacate or otherwise in the court of first instance, this allegation of error has not been preserved for review (*People v Warren,* 47 NY2d 740). Defendant also contends that County Court erred by sentencing her *in absentia.* However, in light of the fact that she was subsequently resentenced, at which time she was present and was given an opportunity to be heard in accordance with CPL 380.40 and 380.50, this point is academic (see *United States v Allen,* 588 F2d 183). Defendant's primary argument is that the trial court failed to sentence her pursuant to the plea bargain. At the outset, it must be noted that the trial court made no promises with respect to sentencing at the time of defendant's guilty plea. The terms of the plea bargain are clear: in exchange for defendant's plea of guilty to first degree forgery and first degree bail jumping, the District Attorney was to recommend a sentence of two consecutive 60-day jail terms and a five-year period of probation. Since it is clear that defendant's plea of guilty was induced by the promise of the prosecutor, such promise was required to be fulfilled (*Santobello v New York,* 404 US 257, 262). The People argue that, because of defendant's willful flight from the jurisdiction, they were no longer bound by the promise. However, since it was that promise which induced the guilty plea, the fact of defendant's flight is no cause to relieve the People of their promise while at the same time hold defendant to her guilty plea (see *People v Richards,* 46 AD2d 619). Thus, under the usual circumstances which attend sentencing, the guilty plea would have to be vacated or the promise honored. In this case, however, it appears that the sentence which the prosecution agreed to recommend could not legally have been imposed. While a 60-day sentence may have been appropriate for the conviction of first degree bail jumping, a class E felony (Penal Law, § 70.00,

subd 4), first degree forgery, a class C felony, requires an indeterminate sentence (Penal Law, § 70.00, subd 1). Since defendant's plea of guilty was induced by the promise to recommend a sentence which could not have been imposed, the plea must be vacated. Our decision to reverse on the above-discussed ground renders consideration of the remaining arguments advanced by defendant unnecessary. Judgment reversed, on the law and the facts, guilty plea vacated, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.