■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK S. SOVIE, Appellant. — Levine, J. Appeal from a judgment of the County Court of St. Lawrence County (Duskas, J.), rendered September 10, 1984, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the second degree.

In March of 1984, defendant was indicted on charges of third degree burglary and second degree criminal possession of stolen property, arising out of the burglary of a radio station and the subsequent sale of a stolen tape player and radio scanner. Pursuant to a plea bargaining agreement, defendant pleaded guilty to the criminal possession charge in exchange for which it was promised that he would not be sentenced to an indefinite term of imprisonment (i.e., he would receive a term of less than one year to be served in the county jail) and that he would be released on his own recognizance until the sentencing hearing, scheduled for September 7, 1984. When defendant failed to appear at that hearing, a bench warrant was issued for his arrest. He was subsequently arrested by State troopers and, on September 10, 1984, was brought before County Court. There, the prosecutor stated that he no longer felt bound by the plea bargaining agreement. The court concurred and ultimately imposed a sentence of 1 to 3 years' imprisonment.

On this appeal, defendant argues that this sentence, harsher than the one agreed to in the plea bargain, was improperly imposed because he was not given an opportunity to withdraw his guilty plea. This contention lacks merit.

It is true that when a plea bargain is dissolved because of the defendant's failure to appear at the sentencing hearing, he must be given the opportunity to withdraw his guilty plea before a harsher sentence is imposed (*People v Annunziata,* 105 AD2d 709; *People v Hurlburt,* 97 AD2d 618, 619). However, a review of the transcript of the sentencing hearing in this case discloses that defendant was given an opportunity to withdraw his plea. Although this option could have been more clearly expressed by County Court, it was obviously understood by defendant's attorney, who stated: "May I have a further minute, your honor? He's changed his mind again." Following defendant's off-the-record conference with his attorney, the latter stated on the record that defendant requested the court to accept his previously entered guilty plea. This exchange constitutes sufficient evidence that defendant was apprised of his right to withdraw his guilty plea and that, after conferring with his attorney, he chose not to.

Defendant also objects to the fact that he was not allowed to explain his failure to appear at the sentencing hearing before the plea bargain was vacated. There is, however, no requirement that a defendant be allowed such an opportunity. Further, defendant was allowed to present his explanation before the court imposed sentence. He then alleged that his car had broken down in the City of Rochester three days before the hearing. He did not explain why he had failed to notify his attorney that he would be unable to appear at the hearing or why he did not, in fact, appear until after he was arrested. Understandably, defendant's explanation did not move the court to alter its decision.

Defendant's final argument is that the sentence of 1 to 3 years was harsh and excessive. However, the presentence report discloses that defendant has a long record of continuous illegal activity dating back 13 years. Further, it was the opinion of the probation officer that defendant should be sentenced to a "substantial period of incarceration" since nothing less would cause him to cease his unlawful behavior. Accordingly, it cannot be said that County Court abused its discretion in sentencing defendant (*see, People v Du Bray,* 76 AD2d 976, 977).

Judgment affirmed. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.