■ NICHOLAS DEL VALLE et al., Appellants, v BROADWAY/ 72ND ASSOCIATES et al., Respondents. [635 NYS2d 469] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered January 11, 1995 which, *inter alia,* denied plaintiffs' motion to remove the action to the Supreme Court, unanimously affirmed, with costs.

The IAS Court did not improvidently exercise its discretion in refusing to remove the case from Civil Court, since so much of the relief plaintiffs request from Supreme Court which Civil Court could not provide is relief to which plaintiffs clearly are not entitled. Defendants are under no legal obligation pursuant to Administrative Code of the City of New York § 27-1026 to perform a *post*-construction property inspection. Concur— Murphy, P. J., Kupferman, Asch, Nardelli and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RANDOLPH, Appellant. [635 NYS2d 3] —Judgment, Supreme Court, New York County (Edward McLaughlin, J., at hearing on motion to dismiss; Herbert Altman, J., at plea and sentence), rendered December 23, 1992, convicting defendant, upon his plea of guilty, of two counts of sodomy in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 2 to 4 years, unanimously affirmed.

Defendant moved to dismiss the indictment on the ground that the prosecutor had intimidated an alibi witness. The motion was denied upon the hearing court's finding, *inter alia,* that the alibi witness was not threatened or intimidated, and that he would appear at trial and testify truthfully. Defendant forfeited his right to appellate review of nonjurisdictional defects in the proceedings, including the present challenge to the denial of his motion to dismiss the indictment, when he thereafter pleaded guilty (*People v Fernandez,* 67 NY2d 686; *People v Di Raffaele,* 55 NY2d 234, 240; *compare, People v Pelchat,* 62 NY2d 97). If the issue were properly before this Court, we would affirm, since the record amply supports the hearing court's conclusion that there was no intimidation of defendant's potential alibi witness. Concur—Murphy, P. J., Kupferman, Asch, Nardelli and Tom, JJ.