■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. BROOKS, Appellant. [708 NYS2d 197] —Carpinello, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered July 6, 1995, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

At an August 29, 1994 preliminary hearing on a charge that he committed burglary in the second degree, defendant was approached by Ulster County Assistant District Attorney Raymond Tomaselli and the two engaged in some discussion about the case in the absence of defendant's assigned counsel. After pleading not guilty to the charge at that time, defendant was eventually indicted for burglary in the second degree on October 19, 1994. Thereafter, defense counsel moved to disqualify the District Attorney's office from prosecuting the matter. Although initially opposing the motion, the District Attorney, finding that the interest of justice required that he and his entire staff be disqualified from further participation in the case, moved for the appointment of a special prosecutor, which was granted by County Court on December 9, 1994.

Following an unsuccessful motion to dismiss the indictment—which was being prosecuted by the Dutchess County District Attorney as Special Prosecutor—on the ground that it was rendered a nullity as a result of Tomaselli's prosecutorial misconduct, defendant pleaded guilty to attempted burglary in the second degree. Sentenced to 2 to 4 years in prison, he appeals.

As an initial matter, we are satisfied that the allegations of prosecutorial misconduct in this case do not equate to a jurisdictional defect in the indictment and therefore defendant forfeited review of that issue by his guilty plea (*see, People v Di Raffaele*, 55 NY2d 234, 240; *People v Randolph*, 222 AD2d 205, *lv denied* 88 NY2d 852; *People v Morgan*, 209 AD2d 727, *lv denied* 85 NY2d 912; *People v Lunan*, 206 AD2d 671; *People v Gerber*, 182 AD2d 252, *lv denied* 80 NY2d 1026; *People v D'Angelo*, 145 AD2d 783, *lvs denied* 73 NY2d 976, 1013). Moreover, we reject defendant's claims that he was denied effective assistance of counsel and that his plea was entered into involuntarily. With respect to this latter contention, our review of the plea allocution reveals that defendant understood the nature of the charges against him and that he entered into the plea knowingly, intelligently and voluntarily (*see, People v Lopez*, 71 NY2d 662, 666).

With respect to his claim of ineffective assistance of counsel, defendant does not dispute that defense counsel made appropriate pretrial motions—including a motion to dismiss the indictment because of prosecutorial misconduct—or that counsel negotiated a favorable plea bargain on his behalf (*see, People v Rafter*, 234 AD2d 711, *lv denied* 89 NY2d 1014). Indeed, he points to no specific error on the part of counsel at all, but rather claims that the two had an openly acrimonious relationship and that this disaccord allegedly deprived him of effective assistance of counsel. His present characterization of the nature of their relationship notwithstanding, when asked directly by County Court during the plea allocution if he was "satisfied with the legal services rendered to [him] by [his] attorney," defendant replied in the affirmative. Defendant has wholly failed to demonstrate that any error on the part of counsel, or their alleged hostile relationship, resulted in any prejudice to him (*see, People v Sinatra*, 148 AD2d 646) or deprived him of meaningful representation. To the contrary, viewed in its totality, we find that defendant received meaningful representation.

Cardona, P. J., Mercure, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.