■ The People of the State of New York, Respondent, v Eric Harrison, Appellant. [896 NYS2d 224]—

Garry, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 8, 2008, which resentenced defendant following his conviction upon his plea of guilty of the crimes of burglary in the second degree and grand larceny in the third degree.

Defendant pleaded guilty to burglary in the second degree and grand larceny in the third degree in 2001. In exchange for his guilty plea, defendant was promised and received a determinate prison sentence of nine years on the burglary conviction and a prison term of 2 to 4 years on the grand larceny conviction, with the sentences to run concurrently. No mention was made either during the plea allocution or at sentencing that defendant would be subject to a mandatory period of postrelease supervision pursuant to Penal Law § 70.45. He did not appeal from the judgment of conviction. In October 2008, defendant was returned to County Court for resentencing pursuant to Correction Law § 601-d. County Court informed defendant that it intended to impose a five-year period of postrelease supervision. Defendant was afforded an opportunity to withdraw his plea, but elected not to do so. He was resentenced to his original agreed-upon sentence plus five years of postrelease supervision. Defendant now appeals.

Defendant contends that his conviction must be vacated due to County Court's failure to apprise him of the postrelease supervision component of his sentence during his 2001 plea allocution (see People v Catu, 4 NY3d 242, 245 [2005]). As defendant was given the opportunity to withdraw his plea at the time of resentencing, he was afforded all the relief to which he was entitled (see e.g. People v Brunelle, 47 AD3d 1067, 1067 [2008], lv denied 11 NY3d 786 [2008]; People v Sovie, 111 AD2d 500, 500 [1985], lv denied 66 NY2d 618 [1985]; People v Hemmerich, 3 AD2d 953, 953 [1957]). Further, contrary to defendant's contention, the fact that County Court explained that the withdrawal of his plea could expose him to more severe punishment did not render his rejection of the offer to withdraw his plea involuntary; the record reveals that the court explained defendant's options and the potential consequences in an appropriate

manner (*see generally People v Pena*, 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981]; *People v Lambe*, 282 AD2d 776, 777 [2001]).

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.