■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM ARAGON, Appellant. [908 NYS2d 761]—

Rose, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 11, 2008, convicting defendant upon his plea of guilty of the crimes of rape in the third degree and criminal sexual act in the third degree (three counts).

Defendant was charged in an indictment with rape in the first degree (two counts), criminal sexual act in the first degree (three counts), rape in the second degree, criminal sexual act in the second degree, rape in the third degree, criminal sexual act in the third degree (two counts) and endangering the welfare of a child, stemming from allegations of sexual contact with his niece. In full satisfaction of the 11-count indictment, defendant agreed to plead guilty to three counts of criminal sexual act in the third degree and one count of rape in the third degree, with the understanding that he would be sentenced to an aggregate term of imprisonment of 5 to 15 years. At sentencing, defense counsel informed County Court that defendant was concerned about the length of the prison sentence he faced pursuant to the plea agreement and that he wished to withdraw his current plea and enter a new guilty plea to a crime carrying a determinate five-year prison sentence. County Court then reiterated that the maximum sentence for the top counts of the indictment that defendant would be exposed to if he went to trial was 25 years in prison for each count, but stated that it would allow

defendant to withdraw his plea and the court would accept a plea to the top count of the indictment, with the understanding that the sentence would be 10 years in prison. After discussing the matter with counsel, defendant elected to proceed with sentencing pursuant to the original plea agreement, and County Court sentenced him accordingly. Defendant now appeals.

We affirm. Defendant's claim that he was denied effective representation due to a breakdown in his relationship with counsel is belied by his admission during the plea colloquy that he was satisfied with the representation and the fact that he did not request new counsel at sentencing (see People v Hammond, 45 AD3d 1060, 1060 [2007]; People v Brooks, 273 AD2d 513, 514 [2000], lv denied 95 NY2d 932 [2000]). In light of defendant's admitted satisfaction with his counsel's representation, and the fact that counsel obtained a favorable plea bargain that significantly reduced defendant's prison exposure and raised defendant's request to withdraw his plea and renegotiate his agreed-upon sentence, we reject defendant's contention that his guilty plea was involuntary based upon less than meaningful representation (see People v Phillips, 71 AD3d 1181, 1184 [2010], lv denied 15 NY3d 755 [2010]; People v White, 52 AD3d 950, 951 [2008], lv denied 11 NY3d 742 [2008]). We also find that County Court's explanation of the maximum sentence under the indictment that defendant faced at trial was done in an appropriate manner and did not constitute coercion (see People v Harrison, 70 AD3d 1257, 1257-1258 [2010], lv denied 15 NY3d 774 [2010]).

Defendant's remaining claims have been considered and found to be unavailing.

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.