OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*688 A guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings (People v Prescott, 66 NY2d 216, 220). CPL 710.70 (2) carves out a limited exception providing that an order finally denying a motion to suppress evidence may be reviewed on appeal from a final judgment of conviction, even one entered upon a guilty plea. That exception is unavailable to this defendant, who pleaded guilty before obtaining such an order. That he may have believed his plea would not result in such forfeiture is irrelevant, because, even if communicated to the court, a subjective belief cannot permit evasion of what otherwise would be the consequences of the plea (People v Mack, 53 NY2d 803, 806). Moreover, by pleading guilty before the hearing on his suppression motion, defendant precluded the making of a record and, in consequence, foreclosed the possibility of appellate review of his challenge to the admissibility of the People’s evidence (see, People v Charleston, 54 NY2d 622, 623).
The conclusion of the lower courts that no reason existed for Criminal Term to have suspected defendant of being an incapacitated person and therefore to have directed an examination pursuant to CPL article 730 finds support in the record, and cannot be reviewed further. Defendant’s remaining contention has not been preserved for our review.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.