(May 7, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHN HENDERSON, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Fulton County (Lomanto, J.), rendered May 1, 1985, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant and Mark Brown were charged in a two-count indictment with murder in the second degree and assault in the first degree for a brutal beating and murder of Michael Briskie on December 9, 1984, the circumstances of which are set forth in the companion case (see, People v Brown, 126 AD2d 898). Defendant identified himself to the police at the scene and explained that he and Brown observed the body while depositing trash in a nearby dumpster. Defendant voluntarily accompanied a detective to the police station, where after being apprised of his Miranda rights, he gave a written statement reiterating how he and Brown discovered the body. Defendant then agreed to accompany the detective to the State Police barracks in the Village of Fultonville, Montgomery County, for purposes of undergoing a polygraph test. No test was given, but defendant ultimately changed his story and gave a full written confession.

On March 20, 1985, during a recess in a suppression hearing held to determine the admissibility of the aforementioned statements, a plea agreement was reached. Following an extensive plea colloquy, defendant pleaded guilty to murder in the second degree in full satisfaction of the indictment. At sentencing, defendant moved to withdraw the guilty plea claiming that he had not received adequate representation, particularly since counsel allegedly had failed to clarify the potential for a concurrent rather than a consecutive sentence and the possibility of conviction on the lesser included offense of manslaughter. County Court denied the motion and sentenced defendant in accord with the plea bargain to 24 years to life imprisonment.

On this appeal, defendant maintains that County Court abused its discretion in refusing to vacate the guilty plea. We disagree. Whether to allow a defendant to withdraw his guilty plea rests in the sound discretion of the trial court (People v Kelsch, 96 AD2d 677, 678). To warrant such relief, there must be some evidence or claim of innocence, fraud or mistake in inducing the plea (People v Gibson, 84 AD2d 885, 886; People v Cooke, 61 AD2d 1060). A mere allegation that a defendant misinterpreted the plea agreement is insufficient (People v Cataldo, 39 NY2d 578, 580), as is an assertion that counsel provided erroneous off-the-record advice (People v Ramos, 63 NY2d 640, 643). Here, a review of the plea allocution confirms

that defendant was fully apprised of the consequences of his plea, including the sentencing ramifications. Nor was defendant misinformed by counsel's suggestion that consecutive sentences *could* be imposed on the respective counts of the indictment, representing a maximum term of 30 years to life imprisonment. Defendant expressly acknowledged that he was satisfied with counsel and that his plea was voluntary. He further recited in detail his commission of the crime, and confirmed that he "knew * * * basically what was going on" at the time of the fatal assault. Moreover, defendant did not profess his innocence, nor assert that the plea was induced by fraud or coercion. These circumstances prevailing, County Court did not abuse its discretion in refusing to allow defendant to withdraw his guilty plea *(see, People v Matta,* 103 AD2d 756).

Defendant's further contention that County Court erred in not suppressing his written statements is of no avail. By pleading guilty before the conclusion of the suppression hearing, defendant forfeited any right to appellate review of the suppression issues *(see, People v Fernandez,* 67 NY2d 686, 688). To the extent that this court has previously imposed an express waiver requirement as to the determination of a suppression motion *(see, People v Lucas,* 106 AD2d 821; *People v Jandrew,* 101 AD2d 90, 92-93; *People v Williams,* 73 AD2d 1019, 1020; *cf., People v Corti,* 88 AD2d 345), in view of *People v Fernandez (supra),* we forego such construction. It follows that a defendant who pleads guilty forfeits appellate review of any nonjurisdictional defects, including the resolution of any unresolved suppression issues *(People v Fernandez, supra; People v Hurley,* 125 AD2d 409, *lv denied* 69 NY2d 746; *see, People v Ippoliti,* 127 AD2d 897, 899).

Finally, defendant's assertion that he was denied the effective assistance of counsel finds no support in this record. To the extent that this argument rests on matters outside the record, the objection must be raised pursuant to a CPL 440.10 motion *(People v Cogswell,* 127 AD2d 871; *People v Welch,* 108 AD2d 1020).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.