■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant.—Judgment, Supreme Court, New York County (Edith Miller, J.), rendered May 17, 1984, convicting defendant, upon a plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment of three years to life, unanimously affirmed.

Defendant's sole contention on appeal is that the proceedings held to reconstruct the trial court's determination of his motion to suppress physical evidence, statements and prior convictions failed to yield an adequate record and therefore frustrated his ability to appeal.

A guilty plea generally results in the forfeiture of the right to appeal nonjurisdictional defects in the proceedings *(People v Fernandez,* 67 NY2d 686, 688). "CPL 710.70 (2) carves out a limited exception providing that an order finally denying a motion to suppress evidence may be reviewed on appeal from a final judgment of conviction, even one entered upon a guilty plea". *(Supra,* at 688.) As the ruling on a *Sandoval* motion is not concerned with either the suppression of "evidence" or a challenge to the court's jurisdiction, defendant's appeal thereof was forfeited by his guilty plea.

The reconstruction hearing sufficiently established that defendant's suppression motion was summarily denied. The motion papers upon which such determination was rendered are available, providing an adequate record for review. Accordingly, defendant's claim of entitlement to summary reversal of his conviction is without merit *(People v Glass,* 43 NY2d 283). Concur—Murphy, P. J., Rosenberger, Asch, Smith and Rubin, JJ.