■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH M. CARTY, Appellant.—Levine, J. Appeals (1) from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered April 6, 1989, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered April 18, 1990 in Sullivan County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, without a hearing.

In December 1987, defendant was indicted for criminal sale of a controlled substance in the second degree. The charge in the indictment alleged that in September 1987, defendant sold cocaine to an undercover police officer in the Town of Mamakating, Sullivan County. Defendant moved to, *inter alia,* dismiss the indictment upon the grounds of insufficient evidence and improper presentation to the Grand Jury by the prosecu-

tion, and to suppress a statement made by him following his arrest. County Court denied the motion to dismiss the indictment but ordered a *Huntley* hearing, at the conclusion of which it reserved decision. Five days later, defendant pleaded guilty to a reduced charge of criminal possession of a controlled substance in the third degree.

Subsequently, defendant made a CPL 440.10 motion to vacate the conviction on the grounds of duress by the court and improper and prejudicial conduct outside the record. In his supporting affidavit, defendant's counsel averred that defendant's guilty plea was entered based upon an oral, out-of-court representation by County Court that it had reached an adverse *Huntley* determination and upon his (counsel's) belief that, notwithstanding the entry of the guilty plea, a final written decision from the court would be forthcoming. Defendant now appeals from both the order denying his motion and the judgment of conviction.

On this appeal, defendant initially challenges the admissibility of the inculpatory statement made by him following his arrest. However, by pleading guilty prior to the granting of an order by County Court finally denying his suppression motion, defendant waived his right to appellate review of that issue *(see, People v Fernandez,* 67 NY2d 686, 688; *People v Hinkley,* 133 AD2d 984, *lv denied* 70 NY2d 956; *People v Henderson,* 130 AD2d 789, 791). With regard to defendant's motion pursuant to CPL 440.10, we find nothing in the supporting papers indicating that defendant's guilty plea was induced by some misrepresentation by the court upon which he relied. That defendant or his counsel may have believed that the plea would not result in forfeiture of the right to appeal is irrelevant, since "a subjective belief cannot permit evasion of what otherwise would be the consequences of the plea" *(People v Fernandez, supra).*

We have examined defendant's remaining contentions and conclude that they were likewise not preserved for our review upon the entry of his guilty plea *(see, People v Taylor,* 65 NY2d 1, 5).

Judgment and order affirmed. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.