■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY BRITTON, Appellant. [619 NYS2d 280] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyer, J.), rendered December 19, 1991, convicting him of attempted criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to his commission of the present felony offense, the defendant had been previously convicted of the felony of criminal possession of a weapon in the third degree *(see, People v Britton,* 208 AD2d 761 [decided herewith]). Accordingly, we find no merit to the defendant's contention on appeal that he was improperly sentenced as a second felony offender (Penal Law § 60.05). Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY BRITTON, Appellant. [619 NYS2d 571] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered July 8, 1991, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The record reveals that prior to the hearing court's rendering its decision on the branch of the defendant's omnibus motion which was to suppress physical evidence, the defendant elected to plead guilty. Accordingly, the defendant forfeited his right to appellate review of the suppression issue *(see, People v Patterson,* 194 AD2d 748; *People v Carty,* 173 AD2d 900; *see generally, People v Fernandez,* 67 NY2d 686). Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.