merit. Concur—Murphy, P. J., Sullivan, Rubin, Tom and Mazzarelli, JJ.

■ BROOKMAN & BROOKMAN, P. C., Respondent, v GEORGE SCHIAVONI et al., Appellants. [665 NYS2d 419] —Order, Supreme Court, New York County (Carol Huff, J.), entered March 13, 1997, which granted plaintiff's motion for partial summary judgment on the issue of liability and directed an assessment of damages, unanimously affirmed, with costs.

In this action to enforce defendants' guarantee to pay legal fees owed by their son and his wholly owned corporation, the IAS Court properly granted plaintiff summary judgment based on submission of the written guarantee and evidence that due demand was made and payment not forthcoming (*see, Gateway State Bank v Shangri-La Private Club for Women*, 113 AD2d 791, *affd* 67 NY2d 627). Defendants did not submit opposing affidavits and the affirmation of counsel lacking personal knowledge was insufficient to defeat the motion (*see, Dempsey v Intercontinental Hotel Corp.*, 126 AD2d 477, 479). The handwritten letter from the guarantors that the money had been deposited in their son's account and that payments were made on the guarantee from said account is sufficient to overcome the claim of the client that the guarantee was made without his personal knowledge.

Defendants' other arguments were not raised before the motion court and may not be raised for the first time on appeal (*see, Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276) and, in any event, are without merit. Concur—Murphy, P. J., Sullivan, Rubin, Tom and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PEREZ, Appellant. [665 NYS2d 875] —Judgment, Supreme Court, Bronx County (Martin Marcus, J., on omnibus motion; John Stackhouse, J., on renewed suppression motions and at plea and sentence), rendered May 22, 1996, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The record indicates that a suppression hearing, which would have included review of the issue of probable cause, was granted in this case. However, defendant entered a knowing, intelligent and voluntary guilty plea before that hearing was conducted. Since defendant failed to obtain a final order in connection with his suppression motions, any issue underlying those motions was waived by defendant's entry of the guilty plea (*People v Fernandez*, 67 NY2d 686; CPL 710.70 [2]).

Concur—Murphy, P. J., Sullivan, Rubin, Tom and Mazzarelli, JJ.