(October 17, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BAGLEY, Appellant. [748 NYS2d 286] —Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered June 29, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to the crime of criminal possession of stolen property in the fourth degree. Prior to sentencing, defense counsel made a motion to withdraw defendant's guilty plea on the ground that, at the time he entered the plea, defendant erroneously believed he faced a potential 12-year prison term if convicted after trial. Defendant, in turn, made two pro se motions to dismiss the indictment alleging, inter alia, that his counsel did not adequately represent him. County Court summarily denied defense counsel's motion to withdraw and dismissed defendant's pro se motions without prejudice. Defendant was thereafter sentenced as a second felony offender to a prison term of 1½ to 3 years. He now appeals.

Defendant first contends that County Court improperly denied the motion to withdraw his guilty plea without a hearing. It is well settled that "[t]he decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (*People v De Fabritis*, 296 AD2d 664, 664; *see People v D'Adamo*, 281 AD2d 751, 752). "[G]enerally, a plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake" (*People v Anderson*, 270 AD2d 509, 510, *lv denied* 95 NY2d 792). Here, the plea minutes disclose that, after conferring with the prosecutor, County Court advised defendant that the maximum sentence which could be imposed if he were convicted of the most serious charge after trial was a prison term of 3½ to 7 years. Defendant unequivocally stated that he understood this. After listening to County Court's explanation of the ramifications of pleading guilty, defendant responded that he understood them. Defendant further stated that he was not

coerced or pressured into entering a plea and was willing to waive his right to appeal. He then proceeded to enter his guilty plea. Inasmuch as the alleged incorrect advice of defense counsel regarding the potential length of the sentence was not placed on the record at the time of the plea, it is not entitled to judicial recognition (*see People v Ramos*, 63 NY2d 640, 643; *People v Van Williams*, 130 AD2d 788, 789; *People v Henderson*, 130 AD2d 789, 790) and does not provide a basis for the relief sought by defendant. Moreover, defendant was fully apprised of the potential maximum sentence by the court during the plea allocution (*see People v Henderson, supra* at 790-791). Finally, defendant's ineffective assistance of counsel claim can be raised in an appropriate postjudgment motion (*see People v Angelakos*, 70 NY2d 670, 673).

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.