■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIS MOSQUEA, Appellant. [794 NYS2d 51]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered January 16, 2004, convicting defendant, upon his plea of guilty, of sexual abuse in the first degree, and sentencing him to a term of two years, unanimously affirmed.

By pleading guilty, defendant waived his claim that his arrest and lineup identification resulted from DNA evidence that had been obtained in violation of the sealing requirements of CPL 160.50 (*People v Hansen*, 95 NY2d 227, 230 [2000]). Even if we were to conclude that CPL 710.70 (2) permitted defendant to raise this issue despite his guilty plea, we would find no basis for reversal. The record does not establish a violation of CPL 160.50, and such a violation would not entitle defendant to suppression of the lineup identification or dismissal of the indictment in any event (*People v Patterson*, 78 NY2d 711 [1991]).

Since defendant pleaded guilty before the court issued any order finally denying his motion to suppress the lineup identification, made on the ground that his warrantless arrest at his home violated *Payton v New York* (445 US 573 [1980]), defendant waived that claim as well (*see People v Fernandez*, 67 NY2d 686, 688 [1986]). In any event, a *Payton* violation would not entitle defendant to suppression of the lineup identification (*People v Jones*, 2 NY3d 235, 244-245 [2004]). Concur—Buckley, P.J., Saxe, Nardelli, Williams and Catterson, JJ.