■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CRAIG R. JOHNSON JR., Appellant. [908 NYS2d 276]—

Rose, J. Appeal from a judgment of the County Court of
Broome County (Cawley, J.), rendered January 16, 2009, convict-
ing defendant upon his plea of guilty of the crimes of murder in
the second degree and arson in the second degree.

In satisfaction of a three-count indictment and a pending
probation violation petition, defendant pleaded guilty to murder
in the second degree and arson in the second degree, and fur-
ther waived his right to appeal. Defendant's subsequent motion
to withdraw his plea was denied without a hearing. County
Court then sentenced him, as a second felony offender, to the
agreed-upon sentence of an aggregate prison term of 20 years to
life and postrelease supervision of five years.

Defendant now appeals, arguing that his guilty plea was not
knowingly, voluntarily and intelligently entered. This challenge
survives his appeal waiver and is preserved due to his motion to
withdraw the plea (see People v Ortiz, 69 AD3d 966, 967 [2010];
People v First, 62 AD3d 1043, 1044 [2009], lv denied 12 NY3d
915 [2009]). Nevertheless, we affirm. "Whether to allow with-
drawal of a guilty plea is left to the sound discretion of County
Court, and will generally not be permitted absent 'some evi-
dence of innocence, fraud or mistake in its inducement' " (People
v Mitchell, 73 AD3d 1346, 1347 [2010], quoting People v Car-
mona, 66 AD3d 1240, 1241 [2009], lv denied 14 NY3d 799
[2010]). Here, defendant expressed satisfaction with defense
counsel during the plea colloquy, and the allocuted facts gave no
reason to believe that any defenses were applicable. He never-
theless states that he relayed a significantly altered version of
events to his attorney prior to pleading guilty—a version in
which, it should be noted, defendant still admitted to commit-
ting the acts in question—but that counsel mistakenly advised
that he had no defenses. Defendant's argument amounts to "an
assertion that counsel provided erroneous off-the-record
advice," which must be raised in an appropriate CPL 440.10
motion (People v Henderson, 130 AD2d 789, 790 [1987]; see
People v Ramos, 63 NY2d 640, 642-643 [1984]; People v Bagley,
298 AD2d 616, 617 [2002], lv denied 99 NY2d 580 [2003]).
Lastly, defendant acknowledged that he was not under the influ-
ence of any medication at the time he entered his guilty plea, he
had discussed the plea agreement with counsel and understood
its terms, and he offered no evidence to substantiate the claim
that his mental state prevented him from entering a voluntary
guilty plea (see People v Ashley, 71 AD3d 1286, 1287-1288

[2010]; *People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]). Accordingly, County Court properly denied defendant's motion to withdraw his guilty plea without a hearing.

Cardona, P.J., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.