## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   December 1, 2016                106679
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JOSEPH PUCCINI,
                        Appellant.
_____

Calendar Date:   October 19, 2016

Before:   Peters, P.J., Garry, Egan Jr., Rose and Mulvey, JJ.

_____

        Martin J. McGuinness, Saratoga Springs, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Timothy Blatchley of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Main Jr., J.), rendered November 25, 2013 in Franklin County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

        In May 2012, in the Village of Saranac Lake, Franklin County, defendant allegedly brandished a gun at an individual while in the presence of a child, and a subsequent search by police of defendant's residence yielded multiple handguns, shotguns and rifles.  It appears that defendant initially was charged in the local justice court, at which time the Franklin

County Conflict Defender's Office was assigned to represent him. According to the Conflict Defender, defendant immediately was advised of a possible conflict of interest stemming from the Conflict Defender's prior representation of an unrelated third party in a criminal matter into which defendant apparently had inserted himself as some sort of advocate. According to the Conflict Defender, defendant had "no problem" with the assigned representation and, over the course of the next year, the Conflict Defender's Office was assigned to represent defendant "in a total of six (6) criminal and family court matters."

In March 2013, defendant was indicted and charged with criminal possession of a weapon in the third degree, endangering the welfare of a child and menacing in the second degree, and the matter was transferred to the Integrated Domestic Violence part of Supreme Court. On May 9, 2013, the Conflict Defender moved for permission to withdraw from further representation of defendant, citing defendant's recently expressed dissatisfaction with the services rendered; defendant did not file an affidavit in support of that motion. Supreme Court denied the Conflict Defender's motion to withdraw, as well as defendant's subsequent pro se motion seeking the assignment of substitute counsel.

Pursuant to a plea agreement with the People, defendant pleaded guilty to criminal possession of a weapon in the third degree in full satisfaction of the indictment and waived his right to appeal. Consistent with the terms of the plea agreement, Supreme Court sentenced defendant to five years of probation with the first 100 days to be served in the local jail.[1] This appeal by defendant ensued.

We affirm. Defendant, as so limited by his brief, contends that Supreme Court failed to conduct a sufficient inquiry prior

---

[1] At the time of sentencing, defendant had 106 days of jail credit and, hence, Supreme Court deemed that aspect of the sentence to be satisfied.

to denying the respective motions to relieve the Conflict Defender's Office and to assign defendant substitute counsel. Although this argument survives defendant's unchallenged appeal waiver to the extent that it impacts upon the voluntariness of his plea, such claim is unpreserved for our review in the absence of an appropriate postallocution motion (see CPL 220.60 [3]; People v Morehouse, 140 AD3d 1202, 1203 [2016], lv denied 28 NY3d 934 [2016]; People v Rolfe, 83 AD3d 1219, 1220 [2011], lv denied 17 NY3d 809 [2011]).

To the extent that defendant's brief may be read as asserting a violation of his constitutional right to counsel — an issue that may, in certain defined instances, be raised for the first time upon appeal (see People v McLean, 15 NY3d 117, 120-121 [2010]) — we find any such argument to be lacking in merit. While it is true that indigent defendants are entitled to assigned counsel (see People v Smith, 18 NY3d 588, 592 [2012]), "this entitlement does not encompass the right to counsel of one's own choosing" (People v Porto, 16 NY3d 93, 99 [2010]). To warrant the substitution of assigned counsel, defendant was required "to make specific factual allegations of serious complaints about counsel. If such a showing is made, the court must make at least a minimal inquiry, and discern meritorious complaints from disingenuous applications by inquiring as to the nature of the disagreement or its potential for resolution" (People v Porto, 16 NY3d at 100 [internal quotation marks and citations omitted]). Here, defendant failed — in the first instance — to articulate serious complaints about the Conflict Defender, and general dissatisfaction with counsel is insufficient to warrant substitution (see People v Davenport, 58 AD3d 892, 895 [2009], lv denied 12 NY3d 782 [2009]). As our review of the record confirms that none of the submissions tendered in support of the respective motions demonstrated the good cause required for the substitution of counsel, we reject defendant's claim that he was denied his constitutional right to counsel.

Peters, P.J., Garry, Rose and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court