McCarthy, J.
 

 Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered October 10, 2014, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree (two counts).
 

 In satisfaction of a four-count indictment, defendant pleaded guilty to two counts of the reduced charge of attempted promoting prison contraband in the first degree and waived his right to appeal. Pursuant to the terms of the plea agreement, defendant was to be sentenced, as a second felony offender, to concurrent prison terms of IV2 to 3 years. After defendant violated County Court’s Parker admonishment by being arrested while awaiting sentencing, the plea agreement was renegotiated to the extent that defendant retained his right to appeal and would be sentenced, as a second felony offender, to concurrent prison terms of 2 to 4 years. County Court imposed the agreed-upon sentence, and defendant appeals.
 

 Defendant contends that his plea was not knowingly, voluntarily and intelligently entered because he was unaware that withdrawal of his pending Huntley motion was a condition of the plea agreement. Contrary to defendant’s contention, this was not a condition, but rather a consequence, of the plea. By pleading guilty while the motion was pending or before a hearing was held or a decision rendered, defendant forfeited his claims related to that motion (see People v Carlton, 120 AD3d 1443, 1444 [2014], lv denied 25 NY3d 1070 [2015]; People v Straight, 106 AD3d 1190, 1191 [2013]; People v Whitted, 12 AD3d 840, 841 [2004], lv denied 4 NY3d 769 [2005]). “That [defendant] may have believed his' plea would not result in such forfeiture is irrelevant, because, even if communicated to the court, a subjective belief cannot permit evasion of what otherwise would be the consequences of the plea” (People v Fernandez, 67 NY2d 686, 688 [1986]). Furthermore, defendant’s challenge to the knowing, voluntary and intelligent nature of the plea is unpreserved as the record reflects that he made no postallocution motion despite the opportunity to do so, and a review of the record does not reflect that the narrow exception to the preservation rule is applicable (see People v Williams, 145 AD3d 1188, 1190-1191 [2016], lv denied 29 NY3d 1002 [2017]). In any event, were we to consider the issue, we would find that County Court advised defendant of the consequences of his plea with regard to any motions, and the record does not otherwise demonstrate that his plea was not knowingly, voluntarily and intelligently entered.
 

 Defendant’s contention that he was not provided an opportunity to speak on his behalf at the time of sentencing, in violation of CPL 380.50, is not preserved as he failed to object at that time (see People v Green, 54 NY2d 878, 880 [1981]; People v Cianfarani, 81 AD3d 998, 999 [2011]). In any event, were we to consider the issue, we would find it to be without merit as the record reflects that there was substantial compliance with that statute (see People v McClain, 35 NY2d 483, 491 [1974]). To the extent that defendant contends that he received ineffective assistance of counsel and that the sentence is harsh and excessive, we find such issues to be without merit.
 

 Peters, P.J., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.