People v Wilson (2018 NY Slip Op 08546)





People v Wilson


2018 NY Slip Op 08546


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


7865 622/16 2606/16

[*1]The People of the State of New York, Respondent, 
v
Kaseem Wilson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Eric Del Pozo of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered April 18, 2017, as amended August 1, 2017, convicting defendant, upon his plea of guilty, of attempted murder in the second degree and conspiracy in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years and 8 months, unanimously affirmed. Defendant forfeited appellate review of his motion to controvert a search warrant that permitted retrieval of potential evidence from defendant's cell phones, because he pleaded guilty before the court issued an order finally denying any part of his suppression motion (see People v Fernandez, 67 NY2d 686, 688 [1986]). Even if the court's order can be viewed as deciding the particular issue defendant seeks to raise on appeal, by its express terms the order did not constitute "[a]n order finally denying a motion to suppress evidence" (CPL 710.70[2]), because it was contingent on the outcome of a hearing into the legality of defendant's arrest, which would have affected the legality of the ensuing search warrant. However, defendant pleaded guilty before the hearing was held. In any event, regardless of whether defendant forfeited his challenge to the search warrant, we find that the application for the warrant established probable cause.
Defendant's claim of a technical defect in his restructured sentence is unreviewable because defendant was not "adversely affected" (CPL 470.15[1]) when his sentence was reduced at his own request, for his benefit, to resolve a matter relating to credit for time served on another sentence (see People v McNeil, 164 AD3d 1106 [1st Dept 2018]; People v Francis, 164 AD3d 1108 [1st Dept 2018]).
We perceive no basis for a reduction in sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK