People v Francisco (2019 NY Slip Op 02821)





People v Francisco


2019 NY Slip Op 02821


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Manzanet-Daniels, J.P., Gische, Gesmer, Singh, Moulton, JJ.


8796 2196/15

[*1]The People of the State of New York, Respondent,
v
Henry Francisco, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Cantarero of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J. at suppression hearing; Neil E. Ross, J. at plea and sentencing), rendered June 21, 2016, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of three years, unanimously affirmed.
We find that the waiver of the right to appeal that defendant executed at the time of his guilty plea was ineffective to waive review of his suppression claim. Here, defendant pleaded guilty after receiving an adverse ruling at a suppression hearing. During the plea allocution, the court informed defendant that, by pleading guilty, he was waiving his right to "contest any search or seizure." This statement was incorrect in the posture of this case because, by pleading guilty, defendant did not automatically waive the right to have this Court review the hearing court's suppression decision (see CPL 710.70[2]; People v Fernandez , 67 NY2d 686 [1986]). Defendant then executed a written waiver of appeal that correctly informed him that, by waiving his right to appeal as a condition of his plea, he would be foregoing the right to have the suppression decision reviewed (see People v Kemp , 94 NY2d 831, 833 [1999]). Taking the plea proceeding as a whole, we find that defendant did not knowingly waive his right to an appeal of the suppression decision. Waiver of this Court's review of the suppression decision was presented orally as an automatic consequence of the plea and, in writing, as an aspect of the waiver of right to appeal. Taken together, this was confusing and unclear and did not sufficiently demonstrate to defendant that, while he would normally have retained the right to have this Court review the hearing court's suppression decision following entry of a guilty plea, he was foregoing that right as a requirement of waiving his right to appeal.
We find that the court properly denied defendant's motion to suppress a pistol he discarded. As defendant does not appear to dispute, certain officers had reasonable suspicion to pursue defendant after they observed him display what appeared to be a firearm. Defendant argues that there was insufficient evidence adduced at the hearing to establish that other officers, not involved in the initial pursuit, acted lawfully when they recovered the pistol. However, the evidence clearly established that defendant's abandonment of the pistol was not caused by any illegal police conduct. A police captain testified that he knew other officers were looking for a suspect who fit defendant's description, that he saw defendant running out of a tunnel a few blocks away from the initial pursuit, and that defendant made a throwing motion after which he slowed down to a walking pace. The captain later told one of the officers from the initial incident to look in the area where defendant had thrown what could have been a handgun, and this resulted in the recovery of the pistol. This testimony established that no officers acted unlawfully before defendant abandoned the pistol, and that it was lawfully retrieved. Any lack of evidence regarding the circumstances surrounding defendant's ultimate arrest, after he
discarded the pistol, is irrelevant to the suppression issues presented.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK