The People of the State of New York, Respondent,
against
Abdul Sadiku, Appellant.




Feldman and Feldman (Steven A. Feldman and Arza Feldman of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Kathryn E. Mullen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Karen Gopee, J.), rendered April 25, 2017. The judgment convicted defendant, upon his plea of guilty, of possession of burglar's tools, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant with, among other things, possession of burglar's tools (Penal Law § 140.35), based on the recovery of burglar's tools in the course of a search of defendant's impounded vehicle after his arrest for several other offenses. Following a Mapp hearing, the Criminal Court (Althea E. M. Drysdale, J.) deferred decision on the suppression of the burglar's tools until April 25, 2017. However, on that date, defendant accepted a consolidated plea and sentencing agreement that disposed of several charges pending under three different dockets, whereby defendant pleaded guilty to possession of burglar's tools (and to two violations charged under separate dockets) and was sentenced to a term of 90 days' incarceration, to run concurrent with a sentence of 10 months' incarceration imposed on April 5, 2017 in another proceeding (People v Sadiku, ___ Misc 3d ___, 2019 NY Slip Op ____ [appeal No. 2017-1054 Q CR], decided herewith). Upon sentencing defendant, the Criminal Court (Karen [*2]Gopee, J.) granted defendant's request to convert the mandatory surcharge to a civil judgment.
On appeal, defendant contends that the facts presented at the suppression hearing required suppression of the burglar's tools. In their respondent's brief, the People assert that any issue as to whether suppression was warranted was forfeited because "the court never rendered a decision on the hearing." We note that defendant, whose brief does not refer to any order determining the suppression issues, did not submit a reply brief rebutting the People's assertion that no order had ever issued or challenging the People's forfeiture claim. However, in fact, the record contains an order by Judge Drysdale, dated April 25, 2017, the same day that defendant pleaded guilty before Judge Gopee, denying suppression in its entirety. Since it is clear from the foregoing that defendant pleaded guilty without knowledge of that order, defendant forfeited the right to appellate review of the suppression issue (see People v Fernandez, 67 NY2d 686, 688 [1986]; People v Weldon, 154 AD3d 1009, 1010 [2017]; People v Harris, 143 AD3d 911, 912 [2016] [and cases cited therein]; People v Lleras, 140 AD3d 985 [2016]). 
We also find that, by expressly asking the court to convert the mandatory surcharge to a civil judgment, defendant waived his claim that the court's action, which was in his favor, was unauthorized (see CPL 470.15 [1]; People v Rodriquez,162 AD3d 513, 514 [2018]).
Accordingly, the judgment of conviction is affirmed.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019