People v Burks (2020 NY Slip Op 00645)





People v Burks


2020 NY Slip Op 00645


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

109554

[*1]The People of the State of New York, Respondent,
v
Jennifer L. Burks, Appellant.

Calendar Date: January 14, 2020

Before: Clark, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Donna Maria Lasher, Youngsville, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered May 4, 2017, convicting defendant upon her plea of guilty of the crimes of manslaughter in the second degree and assault in the first degree.
Defendant and her husband, codefendant Charles W. Burks, were charged in a six-count indictment with manslaughter in the second degree, assault in the first degree and other crimes under an acting in concert theory. The first four counts of the indictment stemmed from the death of their five-year-old child in May 2016 due to an overdose of oxycodone, and the remaining counts related to an incident in May 2015 in which the child was found unresponsive and tested positive for drugs, including methadone. Defendant moved to, among other things, suppress statements that she made to police and evidence acquired during the lengthy investigation. Following a pretrial Huntley and Mapp hearing, County Court reserved decision on those aspects of the motion. Defendant thereafter accepted a plea agreement pursuant to which she pleaded guilty to the first and second counts of the indictment — manslaughter in the second degree and assault in the first degree — admitting that, in May 2016, acting in concert with her codefendant, she had recklessly provided oxycodone to the child, causing his death. At sentencing, consistent with the terms of the agreement, County Court imposed concurrent prison terms of 3 to 9 years on the manslaughter conviction and nine years, followed by four years of postrelease supervision, on the assault conviction. Defendant appeals.
On appeal, defendant does not raise any challenges to the validity of her guilty plea. Instead, she argues that her motion to suppress her statements to police and the physical evidence obtained against her should have been, or should be, granted. However, by pleading guilty while her suppression motion was pending and undecided, defendant forfeited her right to appellate review of all claims related to that motion (see People v Fernandez, 67 NY2d 686, 688 [1986]; People v Nugent, 173 AD3d 1483, 1484 [2019]; People v Weldon, 154 AD3d 1009, 1010 [2017]). Finally, defendant's challenge to the sufficiency of the evidence presented to the grand jury was likewise waived by her guilty plea (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v Hansen, 95 NY2d 227, 233 [2000]; People v Thacker, 173 AD3d 1360, 1361 [2019], lv denied 34 NY3d 938 [2019]; People v Greene, 171 AD3d 1407, 1408 [2019]).
Clark, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.