People v Dilligard (2022 NY Slip Op 06564)

People v Dilligard

2022 NY Slip Op 06564

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Ind No. 3755/16 Appeal No. 16702 Case No. 2019-2566 

[*1]The People of the State of New York, Respondent,
v
Shamon Dilligard, Defendant-Appellant.

Justine M. Luongo, The Legal Aid Society, New York (Susan Epstein of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Miriam R. Best, J. at motions; Robert E. Torres, J. at plea; Marsha Michael, J., at sentencing), rendered February 6, 2019, convicting defendant of manslaughter in the first degree, and sentencing him to a term of 19 years, unanimously affirmed.
Assuming without deciding that the waiver of the right to appeal was invalid, defendant forfeited review of his request for a Wade hearing by pleading guilty prior to any final suppression ruling (see People v Fernandez, 67 NY2d 686, 688 [1986]). In determining defendant's motion, the court granted a Rodriguez hearing regarding the extent of a witness's familiarity with defendant, to be followed by a Wade hearing in the event the People failed to establish the requisite familiarity. By its express terms, this order did not constitute "[a]n order finally denying a motion to suppress evidence" (CPL 710.70[2]; see People v Wilson, 167 AD3d 478, 478-479 [1st Dept 2018], lv denied 33 NY3d 955 [2019]). Defendant then chose to plead guilty rather than proceeding to any hearing.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022