People v Persaud (2023 NY Slip Op 04160)

People v Persaud

2023 NY Slip Op 04160

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

111747
[*1]The People of the State of New York, Respondent,
v
Chandradat Persaud, Also Known as Sean Persaud, Appellant.

Calendar Date:June 8, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ.

Thomas R. Villecco, Albany, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered April 10, 2019, convicting defendant upon his plea of guilty of the crime of attempted burglary in the first degree.
In satisfaction of a four-count indictment and other pending charges, defendant pleaded guilty to the reduced charge of attempted burglary in the first degree and purported to waive his right to appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant to a prison term of seven years followed by five years of postrelease supervision. Defendant appeals.
Initially, the People concede, and our review of the record confirms, that defendant's waiver of his right to appeal is invalid as County Court did not adequately explain or elicit from defendant that he understood the nature and ramifications of the appeal waiver (see People v Hardie, 211 AD3d 1418, 1419 [3d Dept 2022], lv denied 39 NY3d 1111 [2023]; People v Dye, 210 AD3d 1192, 1193 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]).
Turning to the merits, defendant contends that County Court abused its discretion in denying his request for substitute assigned counsel without first conducting a minimal inquiry into his complaints about counsel. We disagree. The determination of whether an indigent defendant is entitled to substitution of assigned counsel is within the discretion of the trial court (see People v Porto, 16 NY3d 93, 99-100 [2010]; People v Saunders, 176 AD3d 1384, 1388 [3d Dept 2019], lv denied 35 NY3d 973 [2020]). Where a defendant makes specific factual allegations of a serious nature about counsel, "the court must make at least a minimal inquiry, and discern meritorious complaints from disingenuous applications by inquiring as to the nature of the disagreement or its potential for resolution" (People v Porto, 16 NY3d at 100 [internal quotation marks and citation omitted]; accord People v Puccini, 145 AD3d 1107, 1109 [3d Dept 2016], lv denied 29 NY3d 1035 [2017]).
Defendant was assigned counsel at his initial court appearance. Shortly thereafter, defendant requested the assignment of new counsel, which County Court ultimately granted. At the next court appearance at which defendant rejected a plea offer, defendant made a second request for assignment of new counsel because counsel "asked [him] repeatedly to plead guilty." County Court summarily denied the request; however, at the next court appearance when defendant reiterated his request for new counsel, the court inquired as to its basis. In addition to expressing dissatisfaction with counsel's purported delay in filing a motion, defendant also indicated that counsel was "trying to have [him] plead" guilty despite defendant's proclaimed innocence. The court, in addition to discussing other concerns raised by defendant, explained that counsel was not trying to make him plead guilty by informing him of the evidence against him and setting forth his options. As the record reflects that County [*2]Court conducted a sufficient inquiry into defendant's general allegations against counsel, we find no abuse of discretion in the court determining that assignment of new counsel was not warranted and denying defendant's request for different counsel (see People v Porto, 16 NY3d at 102; People v Puccini, 145 AD3d at 1109; People v Donovan, 248 AD2d 895, 896 [3d Dept 1998], lv denied 92 NY2d 851 [1998]).
As for defendant's pro se contentions, his challenge to the voluntariness of the plea based upon the ineffective assistance of counsel is not preserved for our review absent an appropriate postallocution motion (see People v Kimball, 213 AD3d 1028, 1030 [3d Dept 2023], lv denied ___ NY3d ___ [June 30, 2023]; People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]). Were we to consider the issue, we would find that defendant's allegation of coercion and threats by counsel do not, but could have with due diligence, been made to appear on the record (see generally People v Agueda, 202 AD3d 1153, 1155 [3d Dept 2022], lv denied 38 NY3d 1031 [2022]). The record reflects that defendant assured County Court during the plea colloquy that he had enough time to discuss the plea with counsel, was satisfied with counsel's efforts and that he was not threatened or forced into pleading guilty but was entering the plea freely and voluntarily. Further, defendant received a favorable plea agreement negotiated by counsel and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Chaney, 160 AD3d 1281, 1286 [3d Dept 2018], lv denied 31 NY3d 1146 [2018]).
To the extent that defendant asserts that his constitutional right to a speedy trial was violated, it too is unpreserved as it was not raised before County Court (see People v Beasley, 16 NY3d 289, 292 [2011]; People v Griner, 207 AD3d 892, 892-893 [3d Dept 2022]). Defendant's contention that he was denied the right to testify before the grand jury was forfeited by his guilty plea (see People v Chappelle, 121 AD3d 1166, 1168 [3d Dept 2014], lv denied 24 NY3d 1118 [2015]), as was his right to appellate review of any pending and undecided motion (see People v Fernandez, 67 NY2d 686, 688 [1986]; People v Burks, 179 AD3d 1387, 1388 [3d Dept 2020]).
To the extent that defendant claims that he was eligible for youthful offender treatment, the record establishes that defendant was 19 years old at the time the crime was committed and, therefore, was not a "youth" within the meaning of CPL 720.10 (1). Further, contrary to defendant's contention, the record reflects that a proper presentence investigation was conducted and that such report was submitted to County Court before sentencing. Finally, the sentence imposed is not unduly harsh or severe (see CPL 470.15 [6]). Defendant's remaining contentions, to the extent not specifically addressed, have been reviewed and found to be without merit.
Garry, P.J., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.