People v Martinez (2026 NY Slip Op 00288)

People v Martinez

2026 NY Slip Op 00288

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CR-23-1860
[*1]The People of the State of New York, Respondent,
vWilliam Martinez, Appellant.

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

Amanda FiggsGanter, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Michael Allain of counsel), for respondent.

Corcoran, J.
Appeal from a judgment of the County Court of Rensselaer County (Debra Young, J.), rendered July 6, 2023, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
Defendant was charged in a four-count indictment with offenses arising out of a July 2022 incident in which he repeatedly stabbed the victim with a broken bottle after being removed from the victim's laundromat for loitering. After pretrial proceedings that included unsuccessful applications by defendant to vacate the People's certificate of compliance with the requirements of CPL article 245 and pro se requests for the assignment of new counsel, he accepted an offer to plead guilty to attempted assault in the first degree in satisfaction of the indictment and other potential charges and executed a waiver of his right to appeal. County Court imposed the agreed-upon sentence of eight years in prison, to be followed by five years of postrelease supervision, and defendant appeals.
We affirm. At the outset, defendant's appeal waiver is valid. Defendant was well aware that the terms of the plea agreement required him to waive his right to appeal and, indeed, he only accepted it after an extensive, on-the-record discussion of his options and an initial decision on his part to plead guilty to the indictment with no sentencing commitment in order to preserve his right to appeal. After defendant changed his mind and elected to accept the offer, County Court reiterated during the plea colloquy that an appeal waiver was a condition of the plea agreement, then proceeded to describe in detail how the right to appeal was separate and distinct from the trial-related rights forfeited by his guilty plea and how, citing specific examples, some appellate issues would survive a waiver of that right. Defendant acknowledged that he understood, executed a detailed written waiver in open court after reviewing it with counsel, and confirmed that he had no further questions for counsel and was voluntarily waiving his right to appeal. Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545, 563 [2019]; People v Sanchez, 241 AD3d 1675, 1676 [3d Dept 2025], lv denied 44 NY3d 1029 [2025]; People v Kidd, 210 AD3d 1148, 1149 [3d Dept 2022], lv denied 39 NY3d 1073 [2023]).
Defendant next contends that he was deprived of the effective assistance of counsel when defense counsel took an adverse position to him upon a pro se motion, discussed in court on the day defendant pleaded guilty, in which defendant sought to revisit his prior complaints about the disclosure of the victim's medical records and counsel's handling of the issue.[FN1] Although this claim survives defendant's appeal waiver to the extent that it implicates the voluntariness of his plea, it is unpreserved given his failure to raise the issue in an appropriate postallocution motion despite having had ample opportunity [*2]to do so, and the narrow exception to the preservation rule is not implicated (see People v Townson, 235 AD3d 1046, 1047-1048 [3d Dept 2025], lv denied 43 NY3d 1012 [2025]; People v Leroux, 234 AD3d 1214, 1214-1215 [3d Dept 2025]). We decline defendant's further invitation to take corrective action in the interest of justice. Although a conflict of interest arises "[w]here assigned counsel takes a position on a pro se motion that is adverse to their client," counsel here adopted the discovery arguments of defendant as his own (People v Fredericks, 43 NY3d 551, 559-560 [2025]). It is true that counsel went on to defend his own performance in response to defendant's related allegations of subpar assistance by explaining that he hadreviewed the victim's medical records and had urged defendant to accept a favorable plea offer because he was satisfied, unlike defendant, that the People would be able to prove that the victim was injured, and potentially seriously injured, during the assault. This "factual explanation of [counsel's] efforts on his client's behalf" was not improper, however, and did not give rise to a conflict of interest that would require the appointment of substitute counsel and implicate the voluntariness of the plea (People v Washington, 25 NY3d 1091, 1095 [2015]; see People v Fredericks, 43 NY3d at 560-561; People v Nelson, 7 NY3d 883, 884 [2006]; People v Robinson, 238 AD3d 1220, 1221 [3d Dept 2025], lv denied 43 NY3d 1058 [2025]; People v McMillan, 220 AD3d 1119, 1122 [3d Dept 2023], lv denied 40 NY3d 1081 [2023]).
Defendant's contention that County Court erred in denying his preplea requests for the assignment of new counsel survives his valid "appeal waiver to the extent that it impacts upon the voluntariness of his plea, [but] is unpreserved for our review in the absence of an appropriate postallocution motion" that, contrary to his suggestion, he was obliged and had ample opportunity to make (People v Puccini, 145 AD3d 1107, 1108 [3d Dept 2016], lv denied 29 NY3d 1035 [2017]; see People v Crampton, 201 AD3d 1020, 1022 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]; People v Williams, 6 AD3d 746, 747 [3d Dept 2004], lv denied 3 NY3d 650 [2004]). To the extent that defendant suggests that he was deprived of his constitutional right to counsel due to the denial of those requests, that issue also requires preservation unless "the record . . . establish[es] conclusively the merit of the defendant's claim," which the communications issues and generalized displeasure with counsel cited by defendant do not (People v McLean, 15 NY3d 117, 121 [2010]; see People v Peque, 22 NY3d 168, 202 [2013], cert denied 574 US 840 [2014]; People v Puccini, 145 AD3d at 1108). We do not agree with defendant that corrective action in the interest of justice is warranted upon either issue.
Finally, defendant's challenge to the validity of the certificate of compliance issued by the People was forfeited by his guilty plea, and his related claim that he [*3]was deprived of his statutory right to a speedy trial is precluded by his valid appeal waiver (see People v Sheehan, 242 AD3d 1260, 1261-1262 [3d Dept 2025], lv denied ___ NY3d ___ [Dec. 31, 2025]; People v Berry, 236 AD3d 1199, 1200-1201 [3d Dept 2025]).
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: County Court had resolved defendant's prior complaints 11 days before the appearance by denying his request for substitute counsel and directing counsel, who had obtained the victim's medical records by that point and expressed surprise that defendant did not have them, to provide copies to defendant. The pro se motion in which defendant repeated those complaints was prepared two days after that appearance.