People v Johnson (2026 NY Slip Op 00623)

People v Johnson

2026 NY Slip Op 00623

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Ind. No. 73748/22|Appeal No. 5792|Case No. 2024-02372|

[*1]The People of the State of New York, Respondent,
vDominique Johnson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Luz Beato of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.

Judgment, Supreme Court, Bronx County (George R. Villegas, J., at suppression hearing, plea and sentencing), rendered January 9, 2024, convicting defendant of criminal possession of a weapon in the fourth degree, and sentencing him to a two-year term of probation, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]. However, defendant's facial constitutional challenge to New York's gun licensing scheme pursuant to New York State Rifle & Pistol Association, Inc. v Bruen (597 US 1 [2022]) survives his voluntary waiver (People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). He also has standing to assert this facial challenge (Johnson, 2025 NY Slip Op 06528, *2). In contrast, defendant's discrete as-applied constitutional challenge to the "good moral character" requirement of the licensing scheme is encompassed by defendant's valid appeal waiver and he lacks standing in any event (id.). This argument is also unpreserved because he did not raise it in the trial court (see People v Martinez, 238 AD3d 423, 424 [1st Dept 2025]), and we decline to review it in the interest of justice. Further, defendant's constitutional challenges are not properly before this Court because defendant failed to serve notice of these claims on the Attorney General pursuant to Executive Law 71 (see People v Castillo, 234 AD3d 557, 558 [1st Dept 2025], lv denied 43 NY3d 1006 [2025]).
In the alternative, defendant's constitutional challenges are unavailing. The facial challenge fails because Bruen did not invalidate New York's gun licensing scheme in its entirety (see People v Martin, 241 AD3d 1211, 1212 [1st Dept 2025]). As to defendant's challenge to the good moral character requirement, defendant's failure to preserve the issue leaves a record wholly inadequate to determine whether that limitation "is consistent with this Nation's historical tradition of firearm regulation" (Bruen, 597 US at 34).
Defendant also argues that, based on a suppression hearing cut short by defendant's guilty plea, we should rule, in the interest of justice, that the police engaged in a "flagrant constitutional violation" by opening defendant's fanny pack, revealing a gun inside. Defendant forfeited the argument by pleading guilty before the suppression hearing was completed and expressly waived it when he voluntarily waived the right to appeal (see People v Fernandez, 67 NY2d 686 [1986]; People v Fagairo, 149 AD3d 537, 538 [1st Dept 2017]). In any event, the truncated record is inadequate for appellate review (see Fernandez, 67 NY2d at 688). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026