People v Byrd (2026 NY Slip Op 01560)

People v Byrd

2026 NY Slip Op 01560

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CR-23-2034
[*1]The People of the State of New York, Respondent,
vKemonei M. Byrd, Appellant.

Calendar Date:February 9, 2026

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, Powers and Corcoran, JJ.

Amanda FiggsGanter, Albany, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Broome County (William Pelella, J.), rendered April 25, 2023, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
In satisfaction of an 11-count indictment, defendant pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the second degree and agreed to waive his right to appeal. County Court sentenced defendant, in accordance with the terms of the plea agreement, to a prison term of 3½ years, to be followed by three years of postrelease supervision. Defendant appeals.
Initially, we are unpersuaded by defendant's contention that the waiver of his right to appeal is invalid. Even were we to find that the written appeal waiver contains, among other things, overbroad language, we are satisfied that the oral colloquy and the assurances elicited from defendant with regard to his understanding of the nature and consequences of the appeal waiver were sufficient to support a knowing and voluntary waiver (see People v Thomas, 34 NY3d 545, 563-565 [2019]). To that end, County Court explained to defendant that the appeal waiver, which was a condition of the plea agreement, is separate and distinct from the rights forfeited by the guilty plea. The court specifically advised defendant that, although most claims of errors are waived, limited appellate claims nevertheless survived, some of which the court specifically identified. Defendant assured the court that he had discussed the appeal waiver with counsel, understood it and was voluntarily waiving his right to appeal. Under these circumstances, we find that the appeal waiver is valid (see People v Bonser, 244 AD3d 1410, 1410 [3d Dept 2025]; People v Austin, 243 AD3d 1068, 1069 [3d Dept 2025]; People v Sheehan, 242 AD3d 1260, 1261 [3d Dept 2025], lv denied 44 NY3d 1054 [2025]).
Defendant's challenge to the voluntariness and/or factual sufficiency of the plea and assertion that he did not receive the effective assistance of counsel — to the extent that it implicates the voluntariness of his plea — are unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion, despite having ample opportunity to do so, and, contrary to defendant's contention, the record does not reflect that the narrow exception to the preservation requirement was triggered (see People v Louree, 8 NY3d 541, 545 [2007]; People v Byrd, 239 AD3d 1146, 1147 [3d Dept 2025]; People v Werner, 227 AD3d 1273, 1273 [3d Dept 2024]). In any event, were we to consider such contentions, we would find them to be without merit. "[W]here, as here, a defendant pleads to a lesser crime as part of a plea bargain, the court is not required to engage in a factual recitation in order to establish the elements of the crime" (People v Brown, 191 AD3d 1047, 1048 [3d Dept 2021] [internal quotation marks and citations omitted]; see People v Clairborne, 29 NY2d 950, 951 [*2][1972]; People v Gouge, 239 AD3d 1143, 1144 [3d Dept 2025]) and "[defendant's] affirmative and unequivocal responses to the inquiries posed to him were sufficient to establish not only his guilt but also that he understood the nature and consequences of the plea" (People v Terry, 244 AD3d 1378, 1379 [3d Dept 2025] [internal quotation marks and citations omitted]; see People v Vences, 232 AD3d 991, 993 [3d Dept 2024]). Further, given defendant's assurance to County Court that he was satisfied with his representation and the advantageous plea, and finding nothing in the record to cast doubt on counsel's apparent effectiveness, we would find that defendant received meaningful representation (see People v Hooker, 230 AD3d 1465, 1468 [3d Dept 2024]; People v Persaud, 219 AD3d 983, 985 [3d Dept 2023], lv denied 40 NY3d 998 [2023]).
Clark, J.P., Ceresia, Powers and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.